## IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 17-5508

GABRIEL CASSELL,

*Plaintiff*

v.

MARK LEVY,
U.S. BANK NATIONAL ASSOCIATION,
KML LAW GROUP, P.C. and
VICTORIA CHEN,

*Defendants*

## RESPONSIVE MOTION OF PLAINTIFF GABRIEL CASSELL OPPOSING DEFENDANT MARK LEVY MOTION TO DISMISS

Plaintiff Gabriel Cassell, *Pro Se*, hereby opposes Defendant Mark Levy's motion to

dismiss pursuant to Rule 12(b)(6) as set forth in the accompanying memorandum of law.

Dated: January 25, 2018                     Respectfully submitted,

                                            *S/Gabriel Cassell*
                                            Gabriel Cassell (Pro Se Plaintiff)

**IN THE UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 17-5508

GABRIEL CASSELL,

*Plaintiff*

v.

MARK LEVY,
U.S. BAK NATIONAL ASSOCIATION,
KML LAW GROUP, P.C. and
VICTORIA CHEN,

*Defendants*

---

### PLAINTIFF GABRIEL CASSELL MEMORANDUM OF LAW OPPOSING DEFENDANT MARK LEVY'S MOTION TO DISMISS

Plaintiff Gabriel Cassell, hereby submits this memorandum of law pursuant to the above

Rule in support of his Opposing Motion, and here states as follows:

### INTRODUCTION

This case is about Defendant Mark Levy's action of conspiring with his co-defendants to

deprive Plaintiff of his due process rights. Defendant Mark Levy, a public servant, owing

fiduciary duties to the residents of Montgomery County where Plaintiff has lived for 12 years,

has elected to launch a scathing attack on Plaintiff for bringing this federal action. Instead of

reaching out to Plaintiff to address the cause of this action, Mark Levy has decided to use his

motion to attack Plaintiff's character. Presumably Mark Levy believes that bringing past civil

cases that Plaintiff has been involved in will somehow invalidate his claims in the present case.

Mark Levy reaction is clearly intended to blame the victim.

2

## **STANDARD OF REVIEW**

For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt.*, LLC, 754 F .3d 153, 154 n. 1 (3d Cir. 2014). However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F .3d 121, 128 (3d Cir. 2010). In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

## **FACTS** .

The facts alleged in the Complaint, which must be taken as true for purposes of the present motion are, as follows:

- The Montgomery County Prothonotary Mark Levy listed Defendant Victoria Chen as the counsel of record for Plaintiff in the foreclosure proceeding. Plaintiff was *Pro Se*.
- The Prothonotary listed a fictitious address for Plaintiff—51 Beech Street, Pottstown, PA. Plaintiff's correct address is 521 Beech Street, Pottstown, PA 19464.
- All notices from the Montgomery County Court of Common Pleas destined for Plaintiff were sent to Victoria Chen, including the notice of foreclosure judgment and summary judgment.
- Plaintiff did not see the foreclosure judgment issued by the county court until September 20, 2017 when the time to file any and all post order motions and appeals in the state court system had elapsed.

3

## ARGUMENT

The gist of Defendant's Mark Levy Motion to dismiss, as construed by Plaintiff, *Pro Se*, is that his he was extended full due process rights in the state court system, accordingly his Fourteenth Amendments violation claims are without merit. Defendant Mark Levy is being disingenuous and his arguments are absurd.

Because the facts in this case are clear and indisputable, Plaintiff believes that responding point by point on all the issues raised by Mark Levy will be an exercise in futility. All the arguments in Mark Levy's motion are only intended to shift blame away from himself. Therefore Plaintiff will focus on the two relevant legal issues in Defendant's Motion.

Defendant Mark Levy is essentially claiming that he has no responsibility in terms of data entry in the Prothonotary department. He cites *Twombly & Iqbal* to support his argument. The core of *Twombly & Iqbal* is Plausibility. Plaintiff understands that the decisions in *Twombly & Iqbal* allow district court judges to dismiss a complaint if it does not set out a "plausible" claim. So, is the claim by Plaintiff that Mark Levy is responsible for the listing of Victoria Chen as counsel of record plausible? Before Plaintiff proceeds to answer this rather rhetorical question, he must say here that on September 20, 2017, Mark Levy acted quickly to remove Victoria Chen as counsel of record for Plaintiff after one of his staff members notified him.

In his Motion to Dismiss, Mark Levy states, "Plaintiff does not allege any facts to demonstrate that it is plausible that the Prothonotary himself was personally involved in the error made here –namely, entering the bank's counsel as Plaintiff's counsel on the docket of the foreclosure action. It is decidedly implausible that the Prothonotary would be personally involved in a data entry error. Further, it is implausible that such a data error would be a purposeful act given the facts alleged here".

Defendant's "plausible" argument under *Twombly* is quite extraordinary. Defendant is essentially arguing that he is not responsible for data entry error simply because he "was not personally involved…". Defendant is arguing he is not involved and does not supervise data entry of his staff. However, it bears reiterating that the defendant is the one who removed the so-called "data entry error" from the docket.

The so-called "data-error" here has to do with the entering of a lawyer for a party unrepresented and having all notices sent to that lawyer and non to the unrepresented party. The Defendant's argument under *Twombly* is clearly doubtful. The defendant wants to have it both ways. He's arguing that it is "implausible" that he was personally involved; and even if he was involved it is "implausible" that the data error was "purposeful". Perhaps Defendants would like to argue that it is plausible that he's responsible for data entry but not for the data entry errors. So what is the responsibility of the Prothonotary?

Pa code Chapter 27, subchapter A, section 2704

### Responsibility for entry, maintenance and certification of data and certification

The prothonotary, clerk of the courts and clerk of the orphans' court division shall:

(1) Be responsible for the accurate and timely creation, maintenance and certification of the record of matters pending before or determined by the courts of common pleas and the Philadelphia Municipal Court, including data and reports relating thereto.

(2) Within 30 days after the entry of any money judgment, other than upon a verdict or after decision by a court, deliver to the authorities who assess for county tax purposes in the county where the judgment was entered a written report of the docket number where the judgment was entered, the date the judgment was entered, the amount of the judgment, the names of all parties to the proceeding in which the judgment was entered, the addresses of the persons in favor of whom the judgment was entered and the names and addresses of all assignees of the judgment. Failure to perform the duties imposed by this paragraph shall not impair the validity of any judgment or the lien thereof

5

Defendant appears to be conflating the plausibility test as contemplated in *Twombly &*
*Iqbal* and responsibility. It is decidedly plausible that Defendant is involved in the entry of data.
That function is the core of his job description. Clearly Defendant has woefully failed to fulfil
that essential duty, which has triggered this federal Complaint. Moreover, if Defendant truly
believes that he had no knowledge or and was not involved in the so-called data entry error that
has caused Plaintiff to file this Complaint, then he should have formally apologized to Plaintiff
and offered some sort of remedy. Surely defendant will argue that he immediately removed and
corrected the error when it was brought to his attention. That argument or admission, however,
does not absolve him of responsibility or involvement. So, for Defendant Mark Levy to argue
that Plaintiff's Complaint does not satisfy the *Twombly & Iqbal* test because he was not
"personally involved in the error made" is clearly disingenuous.

Plaintiff respectfully argues that he has satisfied the *Twombly & Iqbal* test. If the Court
finds it plausible that Defendant is responsible and hence involved in data entry as outlined in the
Pennsylvania code, then Plaintiff's Complaint against the prothonotary cannot be dismissed.
Defendant's claim that "Plaintiff does not allege any facts to demonstrate that it is plausible that
the Prothonotary himself was personally involved in the error made…" is clearly unavailing. The
facts are undisputed. Defendant has acknowledged the facts. His intent here is to muddy the
waters, in terms of who is responsible by implicating the *Twombly & Iqbal* plausibility test.
Perhaps Defendant is trying to argue that Plaintiff should find the particular staff of the
Prothothonary office who made the so-called data entry error and file a complaint against
him/her instead

It is decidedly plausible that under *Twombly & Iqbal* Defendant Mark Levy is responsible and hence involved in data entry including any so-called data entry errors off his office. Whether the so-called data entry error was purposeful or not, is another question.

Finally, Defendant's argument that Plaintiff received "Due Process in State Court" is disingenuous at best. Once again Defendant is only seeking to deflect attention for his conduct as alleged in the Complaint to blaming Plaintiff. Plaintiff's complaint is not about the state court judgment, *per se*, it is about defendants conspiring to ensure that he did not receive notice of the state judgment in a timely fashion.

The Hon. Judge Bertin stated on the record that "the Prothonotary messed up", in referring to the entry of Victoria Chen as counsel for Plaintiff and failure to provide notice. Defendant's argument that the Hon Judge Bertin's order for Plaintiff to file a pleading within thirty days in the appropriate court was "sufficient ground to seek and receive leave to file a *nun pro tunc* appeal" of the foreclosure judgment, is speculative at best and clearly irrelevant. If Defendant was really concerned about Plaintiff's due process rights, when he discovered the so-called data entry error which prevented Plaintiff from receiving timely notice of the foreclosure judgment, he should have used his authority to petition the court to vacate the judgment. Due Process calls for a timely notice and access to the entire judicial process including appeals. Mark Levy and his co-defendants provoked a breakdown in that process; accordingly, they violated Plaintiff's Due Process rights.

**WHEREFORE**, for all the foregoing, Plaintiff respectfully asks this Honorable Court to deny Defendant Mark's Levy Motion to Dismiss.

Dated: January 25, 2018                          Respectfully submitted,

                                                 S/Gabriel Cassell
                                                 Gabriel Cassell (Pro Se Plaintiff)

Gabriel Cassell
521 Beech Street
Pottstown, PA 19464
4846441471

January 26, 2018

Kate Barkman
Clerk
United States District Court
For the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-9865

RE: Case Number: 17-5508

Dear Clerk:

Enclosed for filing in the above captioned case, please find the following documents:

- **PLAINTIFF'S MOTION OPPOSING DEFENDANTS' MOTIONS TO DISMISS**
- **SUPPORTING MEMORANTDUM**
- **CERTIFICATE OF SERVICE**

Thanks for your attention

Sincerely,

Gabriel Cassell (Pro Se Appellant)

cc:
      Philip W. Newcomer
      Thomas I. Puleo, Esq.

# IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CERTIFICATE OF SERVICE

Civil Action No. 17-5508

Plaintiff Gabriel Cassell, Pro Se, hereby certify that on January 26, 2018, he caused the

foregoing documents to be served on all Defendants:

- **PLAINTIFF'S MOTION OPPOSING DEFENDANTS' MOTIONS TO DISMISS**
- **SUPPORTING MEMORANDUM**

Via regular mail at the U.S. Post Office located in Pottstown, PA 19464

Dated: January 26, 2018

*S/Gabriel Cassell*
Gabriel Cassell (Pro Se Plaintiff)