IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 17-5508

GABRIEL CASSELL,

                *Plaintiff*

v.

MARK LEVY,
U.S. BANK NATIONAL ASSOCIATION,
KML LAW GROUP, P.C. and
VICTORIA CHEN,

                *Defendants*

---

## RESPONSIVE MOTION OF PLAINTIFF GABRIEL CASSELL OPPOSING DEFENDANTS U.S BANK NATIONAL ASSOCIATION, KML LAW GROUP, P.C. AND VICTORIA CHEN'S MOTION TO DISMISS

Plaintiff Gabriel Cassell, *Pro Se*, hereby opposes Defendants U.S. National Bank Association, KML Law Group, P.C, and Victoria Chen motion to dismiss pursuant to Rule 12(b)(6) as set forth in the accompanying memorandum of law.

Dated: January 25, 2018                              Respectfully submitted,

                                                            *S/Gabriel Cassell*
                                                             Gabriel Cassell (Pro Se Plaintiff)

**IN THE UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 17-5508

GABRIEL CASSELL,

          *Plaintiff*

v.

MARK LEVY,
U.S. BAK NATIONAL ASSOCIATION,
KML LAW GROUP, P.C. and
VICTORIA CHEN,

          *Defendants*

---

**PLAINTIFF GABRIEL CASSELL MEMORANDUM OF LAW OPPOSING DEFENDANTS U.S BANK NATIONAL ASSOCIATION, KML LAW GROUP, P.C. AND VICTORIA CHEN'S MOTION TO DISMISS**

Plaintiff Gabriel Cassell, hereby submits this memorandum of law pursuant to the above Rule in support of his Opposing Motion, and here states as follows:

**INTRODUCTION**

As a preliminary matter, KML Group, P.C. represents Defendant U.S. Bank National Association, however, it refused to accept service stating to the process server that it no longer represented U.S. Bank National Association. Yet KML Law Group, P.C. now files a Motion on behalf of Defendant US. Bank National Association. So KML Law Group, PC intentionally lied to the process server and Plaintiff. This is precisely what this Complaint is about—lawyers intentionally and purposefully lying and conspiring with the Prothonotary to violate Plaintiff's due process rights. This Complaint is about holding them accountable for their egregious acts.

2

## STANDARD OF REVIEW

For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt.*, LLC, 754 F .3d 153, 154 n. 1 (3d Cir. 2014). However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F .3d 121, 128 (3d Cir. 2010). In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

In a challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of persuasion to convince the court that it has jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F .3d 169, 178 (3d Cir. 2000). When the defendant makes a facial challenge to jurisdiction, relying on the complaint and the documents attached thereto, the allegations are accepted as true and considered in the light most favorable to the plaintiff. *Id.* At 176.

The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-1522, 161 L. Ed. 2d 454 (2005); In other words, the doctrine applies only when a plaintiff asks a district court to redress an injury caused by the state court judgment itself.

3

## FACTS

The facts alleged in the Complaint, which must be taken as true for purposes of the present motion are, as follows:

- The Montgomery County Prothonotary listed Defendant Victoria Chen as the counsel of record for Plaintiff in the foreclosure proceeding. Plaintiff was represented *Pro Se*.
- Defendants were aware that the Prothonotary had listed Victoria Chen as counsel of record for Plaintiff.
- Defendants took no affirmative steps to inform the Prothonotary that Victoria Chen was not representing Plaintiff and that Plaintiff.
- The Prothonotary listed a fictitious address for Plaintiff—51 Beech Street, Pottstown, PA. Plaintiff's correct address is 521 Beech Street, Pottstown, PA 19464.
- All notices from the Montgomery County Court of Common Pleas destined for Plaintiff were sent to Defendants, including the notice of foreclosure judgment and summary judgment.
- Plaintiff did not see the foreclosure judgment issued by the county court until September 20, 2017 when the time to file any and all post order motions and appeals in the state court system had elapsed.

## ARGUMENT

The gist of Defendants' Motion to dismiss, as construed by Plaintiff, *Pro Se*, is that this Court lacks subject matter jurisdiction based on the *Rooker Feldman* Doctrine and also that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will quickly address the last point and then move to briefly address the question of this Court's jurisdiction and the question of *Rooker-Feldman*.

4

### Failure to state a Claim upon which Relief can be granted

Plaintiff strongly disagrees with defendants that he has failed to state a claim upon which relief can be granted. Defendants are being disingenuous.

"A pleading that states a claim for relief must contain … a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a). That statement required by Rule 8(a)(2) must give the defendant fair notice of what the … claim is and the grounds upon which it rests. *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 Ed. 2d 929 (2007)). Detailed factual allegations are not required.

Plaintiff could not have stated his claim more clearly in the Complaint. Defendants conspired with the Prothonotary to ensure that Plaintiff received no notices from the county court. They intentionally and illegally listed one of their own associate attorneys, Victoria Chen, as counsel of record for Plaintiff. Consequently, all notices destined for Plaintiff were sent to Defendants. They waited for the allowable time for Plaintiff to file any and all post-order motions or appeals to elapse and then they served Plaintiff with a notice of Sheriff sale. As a further consequence of their conspiracy and illegal act, Plaintiff is stuck with a foreclosure judgment issued against him in the amount of $106,000.00. The statement of claim is clear.

### This Court's Jurisdiction/Rooker Feldman Doctrine

Defendants argue that this Court lacks Subject Matter Jurisdiction because Plaintiff's Claims are barred by the *Rooker-Feldman* Doctrine. Plaintiff could not disagree more.

In a challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of persuasion to convince the court that it has jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F .3d 169, 178 (3d Cir. 2000).

5

When the defendant makes a facial challenge to jurisdiction, relying on the complaint and the documents attached thereto, the allegations are accepted as true and considered in the light most favorable to the plaintiff. *Id.* At 176.

Plaintiff understands that the Rooker-Feldman doctrine "deprives federal courts of subject matter jurisdiction where a party ... sues in federal court seeking to set aside the state court judgment and requesting a remedy for injury caused by that judgment." The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-1522, 161 L. Ed. 2d 454 (2005); In other words, the doctrine applies only when a plaintiff asks a district court to redress an injury caused by the state court judgment itself.

Plaintiff respectfully argues that the *Rooker-Feldman* Doctrine does NOT apply in this case because Plaintiff is not seeking to overturn the foreclosure judgment issued by the state court. To be sure, Plaintiff is not even claiming that that the state court's foreclosure judgment was flawed, wrongful, unfair, or erroneous. Plaintiff is not seeking a do-over of the foreclosure proceeding in this Court.

As the Supreme Court clearly stated, the Doctrine only applies when a plaintiff asks a federal court to redress an injury caused by the state judgment itself. Plaintiff is not attacking the state court judgment. Accordingly, *Rooker Feldman* does not apply.

### Inextricably intertwined

Defendants further argue that this Court lacks jurisdiction because the state foreclosure case is inextricably intertwined with Plaintiff's complaint in federal court.

6

Once again Plaintiff disagrees and Defendants are being disingenuous. In the most recent hearing in the state court in which Plaintiff sought to stay the Sheriff Sale schedule for January 31, 2018, Defendants asserted the very opposite claim in terms of the alleged connection between the state court process and Plaintiff's Complaint in this Court.

When asked as to the reason for requesting a stay of the Sheriff Sale, Plaintiff indicated that it was because of the pending federal case against Defendants. Defendants, through counsel Puleo, objected on grounds that Plaintiff's federal Complaint was distinct from the foreclosure proceedings in the state court. The state court judge, Hon. Bertin, echoed Defendant's statement to Plaintiff to ensure he understood on the record, that the foreclosure case "has nothing to do with the Complaint in federal court".

So, as Plaintiff understands it, the concept of "inextricably intertwined" as it appears in the *Rooker Feldman* Doctrine only applies when the ruling of a federal court will effectively and inevitably void, renders erroneous, or cancel out the state judgement. But as Plaintiff has argued, he is not attacking the state foreclosure judgment, but rather is seeking to hold Defendants accountable for their wrongful and illegal action to deny him his due process rights under the Fourteenth Amendment. Accordingly, this Court has jurisdiction to hear claims arising from constitutional violations.

Defendants argument that "the claims asserted by Plaintiff in connection with the collection of the mortgage debt are so inextricably intertwined with the judgment entered in state court mortgage foreclosure action that to grant the relief requested by Plaintiff could only be predicated upon a finding that the state court judgment was erroneously entered, and thus barred by *Rooker Feldman*", is flawed. Again, Plaintiff reiterates that that he is not attacking the state

7

court foreclosure judgment. That judgment was properly entered. The relief requested by Plaintiff will have no bearing or impact on the state court foreclosure judgement.

Defendants, instead of acknowledging their egregious and illegal action of conspiring with the Prothonotary to deprive Plaintiff of his constitutional rights to due process, are now blaming him for trying to assert his constitutional rights in this Court.

Finally, Defendants states that "… the Honorable Emanuel A. Bertin…granting Plaintiff thirty days to file some type of pleading or petition directed to the appropriate Judge to address his…Plaintiff has not filed any pleadings or motions in the state court." The Hon. Judge Bertin did not direct Plaintiff to file a motion or pleading in the state court. He said to file "in the appropriate court before the appropriate judge". While it is true that Plaintiff did not file a motion in the state court, because of the Defendants constitutional violations, he has filed a Complaint in the "appropriate court before the appropriate judge". The appropriate court is the federal court, and the appropriate is the Honorable Judge Beetlestone. This Court has jurisdiction over Plaintiff's constitutional claims.

WHEREFORE, for all the foregoing, Plaintiff respectfully asks this Honorable Court to deny Defendants Motion to Dismiss.

Dated: January 25, 2018　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*S/Gabriel Cassell*
　　　　　　　　　　　　　　　　　　　　　　Gabriel Cassell (Pro Se Plaintiff)

Gabriel Cassell
521 Beech Street
Pottstown, PA 19464
4846441471

January 26, 2018

Kate Barkman
Clerk
United States District Court
For the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-9865

RE: Case Number: 17-5508

Dear Clerk:

Enclosed for filing in the above captioned case, please find the following documents:

- **PLAINTIFF'S MOTION OPPOSING DEFENDANTS' MOTIONS TO DISMISS**
- **SUPPORTING MEMORANTDUM**
- **CERTIFICATE OF SERVICE**

Thanks for your attention

Sincerely,

*[signature]*
Gabriel Cassell (Pro Se Appellant)

cc:
    Philip W. Newcomer
    Thomas I. Puleo, Esq.

# IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CERTIFICATE OF SERVICE

Civil Action No. 17-5508

Plaintiff Gabriel Cassell, Pro Se, hereby certify that on January 26, 2018, he caused the foregoing documents to be served on all Defendants:

- **PLAINTIFF'S MOTION OPPOSING DEFENDANTS' MOTIONS TO DISMISS**
- **SUPPORTING MEMORANDUM**

Via regular mail at the U.S. Post Office located in Pottstown, PA 19464

Dated: January 26, 2018

*S/Gabriel Cassell*
Gabriel Cassell (Pro Se Plaintiff)