IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
GABRIEL CASSELL,                      :
      Plaintiff,                  :
:
v.                                    :  Civil Action No. 17-5508
:
MARK LEVY, in his official capacity as:
MONTGOMERY COUNTY PROTHONOTARY, :
U.S. BANK NATIONAL ASSOCIATION,       :
KML LAW GROUP, P.C., & VICTORIA CHEN  :
      Defendants.                 :
_____:

# **O R D E R**

AND NOW, this _____ day of _____, 2018, upon consideration of Plaintiff's Motion for Leave to File Amended Complaint (ECF Doc. #10) and the Response in Opposition of Defendant Mark Levy, it is hereby ORDERED and DECREED that said motion is DENIED.

                    BY THE COURT:


                    _____
                              U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

GABRIEL CASSELL,
      Plaintiff,

v.                                                                                  Civil Action No. 17-5508

MARK LEVY, in his official capacity as
MONTGOMERY COUNTY PROTHONOTARY,
U.S. BANK NATIONAL ASSOCIATION,
KML LAW GROUP, P.C., & VICTORIA CHEN
      Defendants.
_____

**RESPONSE OF DEFENDANT MARK LEVY
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

      Defendant Mark Levy, sued in his official capacity as the Montgomery County Prothonotary, hereby responds in opposition to Plaintiff's Motion for Leave to File an Amended Complaint (ECF Doc. #10). In opposition to Plaintiff's motion, Defendant Mark Levy incorporates herein by reference the arguments and authorities of the accompanying memorandum of law.

                                          Respectfully submitted,
                                          MONTGOMERY COUNTY SOLICITOR'S OFFICE

                                          */s/ Philip W. Newcomer*
                                          Philip W. Newcomer, Esquire
                                          One Montgomery Plaza, Suite 800
                                          P.O. Box 311
                                          Norristown, PA  19404-0311
                                          610-278-3033

                                          Attorney for Defendant,
                                          Mark Levy, in his official capacity as
                                          Montgomery County Prothonotary

Dated:  February 12, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
GABRIEL CASSELL,                                        :
      Plaintiff,                                       :
:
    v.                                                        :     Civil Action No. 17-5508
:
MARK LEVY, in his official capacity as         :
MONTGOMERY COUNTY PROTHONOTARY, :
U.S. BANK NATIONAL ASSOCIATION,         :
KML LAW GROUP, P.C., & VICTORIA CHEN :
      Defendants.                                     :
_____:


**MEMORANDUM OF LAW OF DEFENDANT MARK
LEVY IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**I.     INTRODUCTION & PROCEDURAL HISTORY**

*Pro se* plaintiff Gabriel Cassell ("Plaintiff") brings this action under 42 U.S.C. § 1983, claiming that Defendant Mark Levy, the Prothonotary of Montgomery County, Pennsylvania ("Prothonotary"), conspired with a bank and the bank's lawyers to violate his Fourteenth Amendment due process rights during the course of mortgage foreclosure proceedings that remain ongoing in state court.  In response to Plaintiff's original complaint, the Prothonotary has filed a motion to dismiss for failure to state a claim.  (ECF Doc. #6).  Plaintiff has filed a response in opposition to the motion to dismiss.  (ECF Doc. #11).  Plaintiff also has filed a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).  (ECF Doc. #10).

While Plaintiff's original complaint sued the Prothonotary in his official capacity only, Plaintiff's proposed amended complaint seeks to assert claims against the Prothonotary in his individual capacity as well.  (*See* ECF Doc. #10-1 at pg. 1 & pg. 3, ¶ 12).  In his motion for leave

to amend, Plaintiff states that he "believes that Defendant Mark Levy personally partook in the [supposed] illegal scheme" against Plaintiff. (ECF Doc. #10 at pgs. 2-3). Nowhere in the proposed amended complaint, however, does Plaintiff set forth facts to demonstrate Mark Levy's personal participation in the docketing errors about which Plaintiff complains. (*See* ECF Doc. #10-1).

Plaintiff's proposed amended complaint, like his original complaint, alleges that he did not become aware of the entry of summary judgment against him in a state court foreclosure action until more than 60 days after the order. (ECF Doc. #10-1 at ¶ 19). His lack of notice occurred because the Prothonotary's Office had the wrong address for Plaintiff and had erroneously listed the bank's counsel as his attorney. *Id*. at ¶¶ 24-25. Plaintiff thereafter appeared in state court and protested that this lack of notice had deprived him of the opportunity to appeal the summary judgment order or to seek reconsideration. *Id*. at ¶ 27. The state court judge "granted Plaintiff's motion to postpone the Sheriff's sale" and "also ruled that Plaintiff had 30 days to file pleadings in a court of competent jurisdiction to address his issues." *Id*. at ¶ 29. The judge's memorandum granting this relief cited a "breakdown of the judicial system' within the Prothonotary's Office. *Id*. at ¶ 30.

Under Pennsylvania law, a petition to file an appeal *nunc pro tunc* may be granted for "some breakdown in the court's operation through a default of its officers", so long as the petition is filed within a "reasonable time." *Amicone v. Rok,* 839 A.2d 1109, 1113-14 (Pa. Super. 2003). Plaintiff, however, never filed such a petition – thus voluntarily foregoing the very remedy provided to him by the state court to correct the "breakdown" about which he complains. Instead, Plaintiff chose to file this federal action seeking "no less than $1,000,000.00" in compensatory damages, as well as punitive damages. (*See* ECF Doc. #10-1 at ¶ 47).

The proposed amended complaint, much like the original complaint, seeks to assert causes of action for the violation of Plaintiff's Fourteenth Amendment due process rights under 42 U.S.C. § 1983, for a § 1983 conspiracy claim for the violation of those due process rights, and for intentional infliction of emotional distress. As explained below, Plaintiff's proposed amendment is futile, and leave to amend must therefore be denied.

## II.     ARGUMENT

Plaintiff could have filed his amended complaint as a matter of course in response to the Prothonotary's Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Instead, Plaintiff made the conscious choice to oppose the Prothonotary's motion to dismiss while, at the same time, seeking leave of court to file his amended complaint expressly pursuant to Fed. R. Civ. P. 15(a)(2). (ECF Doc. #6 at pg. 1). Under Rule 15(a)(2), "[l]eave to amend should be denied … where amendment is sought in bad faith, where it would unduly prejudice the opposing party, or where amendment would be futile." *Complete Bus. Solutions Grp. V. Prot. Legal Grp., LLC*, No. 16-4267, 2017 U.S. Dist. LEXIS 56490 at *7 n.5 (E.D. Pa. Apr. 10, 2017) (Ditter, J.; citing *Foreman v. Davis,* 371 U.S. 178, 182 (1962).

Here, the proposed amendment would be futile in light of the arguments already advanced for the dismissal of the original complaint, and thus amendment would unduly prejudice the Prothonotary and Montgomery County's taxpayers. The following arguments advanced in the Prothonotary's pending Rule 12(b)(6) motion are equally applicable to the proposed amended complaint and thus demonstrate the futility of the proposed amendment:

1. Plaintiff's due process claim fails as a matter of law because Plaintiff received due process in state court. (*See* ECF Doc. #6 at pgs. 9-11). The Third Circuit has made clear that, "[i]n order to state a claim for failure to provide due process, a plaintiff

3

must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). "[A government defendant] cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Id*. (quoting *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982) (internal quotations omitted) and citing *Bohn v. County of Dakota*, 772 F.2d 1433, 1441 (8th Cir.1985)).

2. As with Plaintiff's original complaint, the proposed amended complaint fails to state a § 1983 claim against the Prothonotary because no facts are alleged to establish *Monell* liability. (*See* ECF Doc. #6 at pgs. 12-13).

3. Plaintiff's individual capacity § 1983 claim against the Prothonotary fails because the complaint does not allege facts to demonstrate Mark Levy's personal involvement in the alleged wrongful conduct, as is required by *Iqbal* and *Twombly*. (*See* ECF Doc. #6 at pgs. 13-14).

4. Plaintiff's proposed amended complaint, like the original complaint, fails to state facts to demonstrate an actionable § 1983 conspiracy claim against the Prothonotary. (*See* ECF Doc. #6 at pgs. 14-15).

5. Plaintiff's proposed amended complaint, like the original complaint, fails to state facts to demonstrate a claim against the Prothonotary personally for intentional infliction of emotional distress. (*See* ECF Doc. #6 at pgs. 16-17).

In sum, every claim the proposed amended complaint advances is barred by an argument already advanced in opposition to Plaintiff's pending original complaint. Allowing the proposed amendment would be an exercise in futility that would merely waste the resources of this Court

4

and of the taxpayers of Montgomery County, who ultimately bear the expense of defending this matter. Leave to amend should be denied.

### III.	CONCLUSION

The Defendant Mark Levy, sued in his official capacity as Prothonotary of Montgomery County, requests that Plaintiff's motion to amend the complaint be denied and that this action be dismissed with prejudice for the reasons set forth in the Prothonotary's motion to dismiss Plaintiff's complaint (ECF Doc. #6).

        Respectfully submitted,
        MONTGOMERY COUNTY SOLICITOR'S OFFICE

        */s/ Philip W. Newcomer*
        Philip W. Newcomer, Esquire
        One Montgomery Plaza, Suite 800
        P.O. Box 311
        Norristown, PA  19404-0311
        610-278-3033

        Attorney for Defendant,
        Mark Levy, in his official capacity as
        Montgomery County Prothonotary

Dated:  February 12, 2018

## CERTIFICATE OF SERVICE

      I, Philip W. Newcomer, hereby certify that the Response of Defendant Mark Levy in Opposition to Plaintiff's Motion to Amend Complaint was served on February 12, 2018, via U.S. First Class Mail, upon the following *pro se* litigant:

Gabriel Cassell
521 Beech Street
Pottstown, PA  19464
*Pro Se Plaintiff*

I further certify that all counsel of record have been served on February 12, 2018 with the foregoing Response, via the Court's ECF System, and it is available for downloading and viewing by all counsel on that system.

                                                  */s/ Philip W. Newcomer*
                                                Philip W. Newcomer, Esquire