## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL CASSELL,<br>                    *Plaintiff*<br><br>        v.<br><br>MARK LEVY,<br>U.S. BANK NATIONAL ASSOCIATION,<br>KML LAW GROUP, P.C. and<br>VICTORIA CHEN,<br>                    *Defendants* | CIVIL ACTION<br><br>No.  17-cv-05508 |

### BRIEF IN SUPPORT OF THE RESPONSE OF DEFENDANTS, U.S. BANK NATIONAL ASSOCIATION, KML LAW GROUP, P.C., AND VICTORIA CHEN, TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On November 29, 2017, Cassell filed a Complaint in this action, naming as Defendants, Mark Levy, in his official capacity as Montgomery County Prothonotary, U.S. Bank National Association (hereinafter "U.S. Bank"), KML Law Group, PC (hereinafter "KML"), and one of its associate attorneys, Victoria Chen (hereinafter "Chen"), alleging a violation of his civil and constitutional rights under 42 U.S.C. § 1983, conspiracy and the intentional infliction of emotional distress resulting from the alleged violation of Section 1983.  The factual basis for the Plaintiff's claim resulted from not receiving notice of the entry of an order granting summary judgment in favor of U.S. Bank National Association, entered in a state mortgage foreclosure action commenced against him in the Court of Common Pleas of Montgomery County, entitled *U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) v. Gabriel Cassell, et al.,* Docket No. 2015-29807.

1

On January 10, 2018, Defendants filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant, Mark Levy, also filed a Motion to Dismiss on the same date.  On January 25, 2018, Plaintiff filed a Motion for Leave to File Amended Complaint.[1]  The stated purpose of the amendment is to include his claims against Defendant, Mark Levy, already named in this action in his official capacity as the Prothonotary of Montgomery County, to assert claims against him in his individual capacity as well.  Plaintiff also seeks leave from the Court to amend his Complaint to remove his claim against Defendant for violating the Pennsylvania Constitution, and this pursue his action based solely on the alleged violation of the United States Constitution.  In addition to filing this Motion for Leave to Amend, on January 29, 2018, Plaintiff also filed his responses to the Defendants' motions to dismiss his original Complaint.

## II.    **ARGUMENT**

Plaintiff's proposed amendment of his Complaint to include claims against Defendant, Mark Levy, in his individual capacity will have no effect on his present claims against the Defendants.  A lawsuit against the Prothonotary in his "individual capacity" will serve no purpose to advance Plaintiff's claims based upon alleged violations of his civil rights under 42 U.S.C. § 1983, which necessitates that the actor depriving him of his constitutional rights be a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).  And to considered "under color of state law", the defendant must be a state or local government official or employee. A private party can only be liable under Section 1983

---

[1]  Plaintiff could have amended his Complaint as a matter of course within 21 days after being served with Defendants' Motion to Dismiss under Rule 12(b), *see* Rule 15(a)(1)(B), but instead has filed this Motion for Leave to Amend Complaint.

if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right. *Max v. Republican Comm. of Lancaster Cty.,* 587 F.3d 198, 203 (3d Cir. 2009). A private party may be found to have acted under color of state law to establish the first element of a Section 1983 cause only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Defendant, Mark Levy, cannot conspire with himself. Naming him in his individual capacity as well as in his official capacity is meaningless and pointless.

It is respectfully suggested that this Court rule on the pending motions of Defendants to dismiss without permitting Plaintiff to amend his Complaint. Permitting this amendment would be futile and only result in the Defendants being forced to file another motion to dismiss on the very same grounds as the initial motion. A Court may dismiss a complaint pursuant to Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent" with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994); *Abdul-Akbar v. Watson*, 901 F.2d 329, 334-35 (3d Cir. 1990), quoting *Neitzke v. Williams*, 490 U.S. 319 (1989).

Plaintiff has failed to state a plausible claim against Defendants upon which relief can be granted under 42 U.S.C. § 1983, or the intentional infliction of emotional distress, as more fully argued in their motion to dismiss. Since any further amendment of the Complaint by Plaintiff would be futile and would not survive a motion to dismiss for failure to state a claim upon which relief can be granted, this action should be dismissed with prejudice. *U.S. v. Union Corp.*, 194 F.R.D. 223 (E.D.Pa. 2000). In addition, a district court justifiably may deny leave to amend on

3

grounds such as undue delay, bad faith, dilatory motive, and prejudice. *Smith v. NCAA*, 139 F.3d 180, 190 (3d. Cir. 1998), *rev'd on other grounds,* 525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999); *Slavko Properties, Inc. v. T.D. Bank, N.A.*, 2015 WL 1874233 at *17 (E.D.Pa. 2015).

Plaintiff has demonstrated his unwillingness to pursue an appeal *nunc pro tunc* available to him in state court. *See Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156, 1159 (2001). Even in his response to Defendants' Motion to Dismiss filed on January 29, 2018, in seeking to avoid the application of the *Rooker-Feldman* doctrine, he states that "Plaintiff is not seeking to overturn the foreclosure judgment issued by the state court. To be sure, Plaintiff is not even claiming that that the state court's foreclosure judgment was flawed, wrongful, unfair, or erroneous. Plaintiff is not seeking a do-over of the foreclosure proceeding in this Court." *See* page 6 of Plaintiff's Memorandum of Law (Document 12). If Plaintiff concedes that the state court foreclosure judgment was proper, what injuries resulted from not receiving notice where the basis of his claim is that he was prevented from pursuing an appeal, which according to his arguments, would have been frivolous? Nor would the filing of an appeal have prevented execution on the judgment and sheriff's sale of his property? *See Deutsche BankNational Company v. Butler,* 868 A.2d 574, 577 (Pa.Super. 2005); Pa.R.A.P. 1731-1735 relating to the applications for stay or supersedeas pending appeal. And if Plaintiff is not complaining about the foreclosure judgment, but only notice, there is no question that he did receive notice of the sheriff's sale which was personally served on August 24, 2017. *See* Defendants' Brief in Support of Motion to Dismiss, Exhibit "O" (Document 5).

Plaintiff has had ample opportunity and time to address his concerns about notice, but rather pursue this meritless claim for violation of his constitutional rights. Therefore, Defendants respectfully suggest that Plaintiff's Complaint must be dismissed with prejudice.

4

### III.   CONCLUSION

For the reasons stated above, it is respectfully requested that this Honorable Court enter an Order denying Plaintiff's Motion for Leave to File Amended Complaint, and further granting its Motion to Dismiss Plaintiff's Complaint against Defendants, U.S. Bank National Association, KML Law Group, P.C., and Victoria Chen.

Respectfully submitted,

KML Law Group, P.C.

Thomas I. Puleo, Esquire
PA Attorney Identification No. 27615
Attorney for Defendants, U.S. Bank National
Association, KML Law Group, P.C. and
Victoria Chen
Mellon Independence Center, Suite 5000
701 Market Street
Philadelphia, PA 19106
(215) 627-1322
tpuleo@kmllawgroup.com