# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL CASSELL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MARK LEVY, et al.** | : | **NO. 17-CV-5508** |

## MEMORANDUM AND ORDER

**Ditter, J.**                                                                                   **July 10, 2018**

Plaintiff, Gabriel Cassell, has filed a complaint alleging the defendants were involved in an illegal scheme to prevent him from receiving notices from the state court concerning foreclosure proceedings against his property in violation of his right to due process. He seeks relief under 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and the common law of Pennsylvania. Defendant, Mark Levy, who has been sued in his official capacity as the Montgomery County Prothonotary, filed a motion to dismiss. Defendants, U.S. Bank National Association, KML Law Group, and Victoria Chen, Esquire, have filed a joint motion to dismiss.

Cassell then filed a motion for leave to amend his complaint on January 25, 2018, to include a claim against Levy in his individual capacity. All defendants filed motions objecting to the filing of an amended complaint. The proposed amended complaint was attached as an exhibit so I have considered the additional facts asserted in the amended complaint but find that they do not change the outcome of this decision. In any event, I

will grant the motion for leave to amend, and for the reasons that follow, the motions to dismiss will be granted.

    1.  <u>Factual background</u>[1]

According to the amended complaint, on September 20, 2017, Cassell went to the Montgomery County Courthouse to inquire about the status of a foreclosure proceedings that had been filed against him and his wife. He went to the courthouse because he had not received notice about a hearing or foreclosure order. At that time, he learned that an order of summary judgment had been entered on July 12, 2017, in the amount of $105,890.23. He had not received notice of that order and the time to appeal it had now passed. Cassell then obtained and completed a form to file a motion to postpone the sheriff's sale of his home scheduled that had been scheduled for October 25, 2018,[2] based on the lack of notice. The court employee who received the form from Cassell scheduled the hearing for October 24, 2017.

The employee also checked the court's docket to see why Cassell had not received notices and saw they had been sent electronically to Victoria Chen, Esquire. Cassell explained that he was not represented by counsel, and that Ms. Chen was counsel for the

_____

[1] These facts are taken from the amended complaint and uncontested state court records provided by the parties. I have considered the October 24, 2017, order of the state court because it is integral to the claims presented and explicitly relied upon in the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 11 F.3d 1410, 1426 (3d Cir. 1997). I have construed these facts in the light most favorable to Cassell.

[2] In November, 2015, U.S. Bank National Association initiated foreclosure proceeding against Cassell and his wife and co-owner of the property, Cyrilene Huggins concerning their residence located at 521 Beech Street, Pottstown, PA 19464. The bank was represented in the foreclosure action by Victoria Chen of the KML Law Group, P.C. Cassell and Huggins were unrepresented in the foreclosure action.

bank in the foreclosure action.  Cassell also learned that the docket had the wrong address for him.[3]  He was then directed to the court's prothonotary to correct the docket.  There, a staff member reviewed Cassell's docket, noted the errors, and corrected the docket.

At the October 24, 2017 hearing, Cassell testified that the defendants had conspired to make sure he did not receive the foreclosure notice for the sole purpose of hastening the sheriff sale.  Cassell also testified that had he received notice [of an order of foreclosure] he would have filed post-order motions and an appeal in the state appellate court.[4]

Cassell goes on to allege that although the judge believed him, the judge declined to vacate the foreclosure order because it had been properly entered by another Montgomery County judge.  The judge found that the errors on the part of the Prothonotary caused a breakdown in the judicial system and  allowed Cassell the opportunity to address his issues in a court of competent jurisdiction.  Cassell brought the present action to hold the defendants accountable for orchestrating the breakdown.[5]

---

[3] The erroneous address is not set forth in the complaint but in his response to Mr. Levy's motion to dismiss, Cassell reveals that the "fictitious address" on the docket was 51 Beech Street, Pottstown, PA, and the correct address is 521 Beech Street, Pottstown, PA.

[4] As the state court order shows in a memorandum opinion dated October 24, 2017, the Honorable Emanual A. Bertin found Cassell credible with regard to the lack of proper notice, however, he rejected his claim that the parties had conspired against Cassell and instead determined that the cause for the lack of notice was "a breakdown in the judicial system in that the Prothonotary docketed the case incorrectly by placing Victoria Chen, Esquire's name as Counsel for the Defendants."

[5] Judge Bertin gave Cassell 30 days to file any motions and delayed the sheriff's sale until January 31, 2018.  Rather than return to the Montgomery County judge who issued the foreclosure order and seek permission to appeal that order *nunc pro tunc*, Cassell brought this action. After the initiation of this litigation, the sheriff sale was held and the property was sold because no further challenge was made in the state court.  Cassell has since moved to Columbus, MI.

2. Standard of review

It is well-established that to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must assert facts, which accepted as true, are sufficient to state a plausible claim. I need not consider allegations that constitute legal conclusions or conclusory factual allegations devoid of any reference to actual facts.

3. Discussion

Mr. Levy challenges Cassell's claim that he, in his capacity as Montgomery County Prothonotary, conspired with a bank and the banks lawyers to violate Cassell's due process rights during mortgage foreclosure proceedings in that court.[6] Levy points out that Cassell has failed to allege any facts to demonstrate that is might be plausible that the breakdown of the judicial system – as was found by the state court – was purposeful or caused by any policy or custom of Montgomery County. Nor has Cassell alleged any facts to establish that Levy was personally involved in causing the breakdown. Finally, Levy contends that Cassell's failure to pursue a petition to appeal *nunc pro tunc* from the July 12, 2017 foreclosure order is fatal to his claims here.

U.S. Bank, KML Law group and Ms. Chen are in general agreement with the facts asserted by Cassell but deny that they support a federal due process claim. They also contend they are private parties who were not acting under color of state law so they cannot be liable under 42 U.S.C. § 1983.

---

[6] In his amended petition, Cassell adds a count against Levy in his personal capacity but does not include any additional facts in support of this claim.

After careful review of the amended complaint, I must conclude that Cassell has failed to state a cognizable federal claim. The gravamen of Cassell's amended complaint is the assertion that the defendants conspired to purposely deprive him of the opportunity challenge the forfeiture action in state court when the court's docket showed Ms. Chen as his attorney and had the wrong address for him. As a result he did not receive the order granting summary judgment for the bank in the foreclosure action until the time to seek reconsideration or appeal to the Superior Court had passed. The only facts offered to support this claim are these two docketing errors.

Cassell does not provide any support for his claim of conspiracy. In fact, he does not describe any actions on the part of any of the defendants, merely his suppositions and baseless conclusion that the defendants conspired against him.

When this issue was presented in the state court, Judge Bertin found that the lack of notice was the result of a breakdown in the judicial system, not any conspiracy or fraudulent conduct. Judge Bertin stayed the sheriff's sale and gave Cassell the opportunity to avail himself of the opportunity to seek further review in the state court – exactly the relief Cassell requested. Thus, contrary to any alleged conspiracy, Cassell was able to obtain the relief he wanted once the error was found and corrected. I agree.

4. Conclusion

After consideration of the factual allegations of the amended complaint in the light most favorable to Cassell, I find that he has failed to state a claim for which relief might

be granted.  I find further that any additional amendments would be futile.  Therefore, the

motions to dismiss filed by Mr. Levy and the bank defendants will be granted.

An appropriate order follows.